UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL L. BERRY,

    Petitioner,

v.                                                                                Case No. 6:09-cv-1891-Orl-31KRS

STATE OF FLORIDA, et al.,

    Respondents.

_____

**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner alleges five claims for relief in his habeas petition: three claims that trial counsel rendered ineffective assistance by (1) improperly advising him not to testify (claim one), (2) failing to call a witness to testify (claim two), and (3) failing to argue that his convictions for aggravated battery on a law enforcement officer and leaving the scene of an accident with injury violated his right against double jeopardy (claim three), and two

claims that he was denied his right to conflict free counsel (claims four and five). For the following reasons, the petition is denied.

I.      *Procedural History*

Petitioner was charged by information with aggravated battery on a law enforcement officer (count one), fleeing or attempting to elude (count two), driving with a cancelled, suspended, or revoked license (count three), and leaving the scene of an accident with injuries (count four). Petitioner entered a plea of no contest to all counts but subsequently moved to withdraw his plea, and the motion was granted. Prior to trial, Petitioner pled no contest to count three. A jury trial was conducted on the remaining counts, and Petitioner was found guilty as charged of counts one, two, and four. The state court sentenced Petitioner to eight-year terms of imprisonment for counts one and two and to five-year terms of imprisonment for counts three and four, with all sentences to run concurrent. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The state court denied four of Petitioner's claims and conducted an evidentiary hearing on the remaining claim, after which the court denied the claim. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a state petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. The Fifth District Court of Appeal of Florida summarily denied the petition.

Petitioner filed a second Rule 3.850 motion, which was denied as successive. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.   *Legal Standards*

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

3

> indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.     *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.   Analysis

   A.   *Claim One*

Petitioner asserts that trial counsel rendered ineffective assistance by improperly advising him regarding whether or not he should testify. Petitioner does not allege in his habeas petition what advice counsel provided in relation to Petitioner testifying that was incorrect. In the state court, however, Petitioner argued that counsel erroneously advised him that if he testified, the prosecutor would be able to question him about the specific

5

nature of his prior felony convictions. Thus, the Court will consider the claim as it was raised in the state court.

Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief after an evidentiary hearing. (App. VI at 45-47.) The state court noted the contradiction in Petitioner and defense counsel's testimony concerning the advice given by counsel as to Petitioner's decision to testify at trial. *Id.* Petitioner testified that defense counsel told him not to testify and that the prosecutor would be allowed to question him about the nature of his prior convictions if he took the stand, regardless of how he testified. *Id.* In contrast, defense counsel testified that he advised Petitioner that he should testify, despite his prior convictions, and that the prosecutor could ask Petitioner the number of prior convictions he had, and if he gave the wrong number, then the prosecutor could ask him about the specific nature of his prior convictions. *Id.* at 46-47. The state court determined that defense counsel was more credible and concluded that counsel properly advised Petitioner about the admissibility of his prior convictions and did not advise Petitioner not to testify. *Id.*

"A criminal defendant has a fundamental constitutional right to testify on his own behalf at trial, a right that cannot be waived by defense counsel." *Franklin v. United States*, 227 F. App'x 856, 859 (11th Cir. 2007) (citing *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992)). Claims that a defense counsel's conduct led to a violation of the defendant's right to testify are properly raised as claims of ineffective assistance of counsel. *Id.* (citing *Teague*, 953 F.2d at 1534).

At the evidentiary hearing, defense counsel testified that he advised Petitioner that the prosecutor could ask him about the number of prior convictions he had if he testified. (App. VI at 18.) Counsel also said he reviewed Petitioner's convictions with him. *Id.* at 27. Defense counsel stated that his practice was to explain to his clients his reason for reviewing with them the number of convictions they had, namely that the prosecutor could ask specific questions about their convictions if they provided an inaccurate number, and counsel testified that he believed he explained this to Petitioner. *Id.* at 27-28. Additionally, defense counsel testified that he advised Petitioner to testify despite his prior convictions but Petitioner did not want to do so. *Id.* at 26.

The state court determined that defense counsel's testimony at the hearing was credible and that counsel did not improperly advise Petitioner regarding his decision to testify. Petitioner has failed to demonstrate by clear and convincing evidence that the state court's factual determination was incorrect. Accordingly, claim one is denied pursuant to § 2254(d).

### B.   *Claim Two*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to call a witness to testify. Specifically, Petitioner contends that counsel should have called Chris McMillan ("McMillan"), the passenger in his vehicle at the time of the incident, to testify. Petitioner maintains that McMillan's testimony would have contradicted the State's witnesses regarding whether Petitioner's truck ran over the victim's foot and whether Petitioner was driving recklessly.

Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief pursuant to *Strickland*. (App. VI at 81-83.) The state court reasoned that Petitioner told the court on the day of trial that he wished to call Dr. Beckendorf and Officer Tarr as witnesses but did not mention McMillan. *Id*. at 83. The state court noted that the first time Petitioner indicated he wanted to call McMillan as a witness was at his sentencing hearing after Petitioner had been convicted. *Id.* The state court also noted that the evidence against Petitioner included two officers who testified that Petitioner was driving recklessly. *Id.* The state court further reasoned that Officer Hainely-Smith testified that Petitioner's rear, left tire ran over her foot as Petitioner fled the traffic stop, and McMillan was seated in the passenger side on the opposite side of the vehicle, making it unlikely that he would have been able to see whether the vehicle ran over the officer's foot. *Id.* In sum, the state court concluded that Petitioner failed to demonstrate that he was prejudiced by counsel's failure to call McMillan. *Id.*

"[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted). Hence, the "petitioner must first make a sufficient factual showing, substantiating the proposed witness testimony." *Percival v. Marshall*, No. C-93-20068 RPA, 1996 WL 107279, at *3 (N.D. Cal. Mar. 7, 1996). "Such evidence might be sworn affidavits or depositions from the potential witnesses stating to what they would have

testified." *Id*.

Petitioner has failed to present evidence of actual testimony or any affidavit from McMillan, demonstrating the he had favorable testimony. Thus, Petitioner has not made the requisite factual showing as to this purported witness. Petitioner's self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Furthermore, Petitioner has not demonstrated that the state court's determination is contrary to, or an unreasonable application of, clearly established federal law. At a pretrial proceeding, Petitioner indicated that he did not have any witnesses he intended to call. At a later pretrial hearing, Petitioner noted that he wanted to call Officer Tarr and a doctor as witnesses. Subsequently, on the date of trial, defense counsel advised the court that the defense would be calling two witnesses, Dr. Beckendorf and Officer Tarr. Petitioner never advised the trial court that he wished to call McMillan as a witness, until after the trial, even though Petitioner addressed the court on a variety of matters throughout the proceedings.

Moreover, the evidence against Petitioner included the testimony of Officer Hainely-Smith, the victim, who testified that Petitioner ran over her foot with his vehicle as he fled the traffic stop. Likewise, a doctor affirmed that Officer Hainely-Smith had suffered a "crush" injury to her foot. Two other officers testified that they chased Petitioner's vehicle, which did not have its lights on, at night through a residential area and Petitioner was driving approximately twenty to twenty-five miles per hour over the speed limit. In the absence of any evidence that McMillan would have offered exculpatory testimony, the Court concludes that Petitioner has not demonstrated that he was prejudiced by counsel's

failure to call McMillan as a witness. Accordingly, claim two is denied pursuant to Section 2254(d).

### C.  Claim Three

Petitioner asserts that trial counsel rendered ineffective assistance by failing to argue that his convictions for aggravated battery on a law enforcement officer and leaving the scene of an accident with injury violated his right against double jeopardy. Petitioner raised this claim in his Rule 3.850 motion, and the state court denied relief pursuant to *Strickland*. (App. VI at 84.) The state court determined that aggravated battery on a law enforcment officer and leaving the scene of an accident with injury contain separate and distinct elements, and thus, counsel was not deficient for failing to raise a non-meritorious argument. *Id*.

The Double Jeopardy Clause of the United States Constitution "protects against multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984). To determine whether a double jeopardy violation has occurred based on multiple convictions stemming from the same conduct, but pursuant to separate statutes, the Court must undertake a two part analysis. *See Williams v. Singletary*, 78 F.3d 1510, 1513 (11th Cir. 1996). First, the Court must determine "whether there exists a clear legislative intent to impose cumulative punishments, under separate statutory provisions, for the same conduct." *Id*. If a clear indication exists of such legislative intent, the double jeopardy bar does not apply. *Id*. However, "[i]f there is no clear indication of legislative intent to impose cumulative punishments, [courts] examine the relevant statutes under the same-elements test of *Blockburger* [*v. United States*, 284 U.S. 299 (1932)]." *Id*. Pursuant to the "same-elements"

test, "if each statutory offense requires proof of an element not contained in the other, the offenses are not the 'same' and double jeopardy is no bar to cumulative punishment." *Id.*

In the instant case, it is not clear from the statutory language of the relevant statutes whether the legislature intended to impose cumulative punishments under the aggravated battery and leaving the scene of an accident with injury statutes for actions stemming from the same conduct. As such, the Court must examine the statutes pursuant to the "same-elements" test.

Pursuant to Florida law, "[a] person commits aggravated battery who, in committing battery. . . [i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement. . . ." § 784.045(1)(a)(1)-(2), Fla. Stat. (2004). In contrast, Section 316.027, Florida Statutes provides that "[t]he driver of any vehicle involved in a crash resulting in injury of any person must immediately stop the vehicle at the scene of the crash, or as close thereto as possible, and must remain at the scene of the crash until he or she has fulfilled the requirements of s. 316.062." § 316.027(1)(a), Fla. Stat. (2004). Thus, aggravated battery includes the element of intentionally causing great bodily harm, which is not a required element of the offense of leaving the scene of an accident with injury. Likewise, leaving the scene of an accident with injury requires a showing that the perpetrator failed to stop the vehicle and failed to remain at the scene, two elements not included in the aggravated battery statute. Thus, because each offense required proof of an element not included in the other offense, Petitioner was not subjected to multiple punishments for the same offense, and counsel was not ineffective for failing to raise this argument. *See, e.g., McKnight v. State*, 906 So. 2d 368 (Fla. 5th DCA 2005). Accordingly, the

11

state court's determination that Petitioner was not subject to double jeopardy is neither contrary to, nor an unreasonable application of, federal law; and claim three must be denied.

### D.    *Claims Four and Five*

In claims four and five, Petitioner alleges that he was denied his right to conflict free counsel during trial. In support of claim four, Petitioner notes that the issue was raised in his state habeas petition. With respect to claim five, Petitioner asserts that the conflict of interest resulted in ineffective assistance of counsel, a claim which he raised in his Rule 3.850 motion.

Respondents argue that these claims are procedurally barred as they were not raised on direct appeal or were raised in a Rule 3.850 motion which was dismissed as successive. One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A)    the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (i)    there is an absence of available State corrective process; or
> >
> > (ii)    circumstances exist that render such process ineffective

to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal

theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

Petitioner failed to raise these claims on direct appeal from his convictions and sentences. Furthermore, Petitioner raised a claim of ineffective assistance of counsel resulting from a conflict of interest in his second Rule 3.850 motion, which the state court

denied as successive. As such, to the extent claim four or five asserts a substantive claim of conflict of interest or claim five asserts a claim of ineffective assistance of trial counsel resulting from a conflict of interest, these claims are procedurally barred from review by this Court as they either were not exhausted in the state court or were found to be procedurally barred by the state court. Thus, absent an exception to the procedural default bar, claims four and five, as couched as a claim of ineffective assistance of trial counsel or as a substantive claim of conflict of interest, are barred from review by this Court. Petitioner has failed to demonstrate either cause or prejudice to overcome the procedural default. Furthermore, Petitioner has not demonstrated that he is actually innocent. Accordingly, claims four and five are procedurally barred to the extent Petitioner is raising them in this manner.

Petitioner, however, did raise in the state court a claim of ineffective assistance of appellate counsel for failing to raise the alleged conflict of interest on direct appeal. The Fifth District Court of Appeal of Florida summarily denied the claim. The Court, therefore, will consider the merits of claim four to the extent it alleges a claim of ineffective assistance of appellate counsel.

In order to determine whether appellate counsel rendered ineffective assistance by failing to appeal Petitioner's convictions on this ground, the Court must examine the merits of the argument Petitioner alleges counsel failed to raise. *See Miller v. Dugger,* 858 F.2d 1536, 1538 (11th Cir. 1988); *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." *Id*.

In the instant petition, Petitioner does not allege what the conflict of interest was that counsel should have appealed. However, in his state habeas petition, Petitioner argued that appellate counsel should have asserted that the trial court erred by forcing him to proceed to trial with an attorney who admitted there was a conflict of interest. In support of the claim, Petitioner relied on counsel's statements in a pretrial motion to withdraw as counsel, which was filed after the trial court granted Petitioner's motion to withdraw his plea. Petitioner maintains that counsel admitted that there was a conflict of interest created when the trial court allowed Petitioner to withdraw his plea based on Petitioner's allegations that counsel had coerced or forced him into entering the plea.

To establish a violation of the right to conflict-free counsel, the defendant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.[2] *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980) (holding in cases of concurrent multiple representation, prejudice is presumed when a defendant demonstrates that (1) "his counsel actively represented conflicting interests" and (2) the conflict "adversely affected his lawyer's performance."). In *Mickens v. Taylor*, 535 U.S. 162, 175 (2002), the Supreme Court reiterated that until "a defendant shows that his counsel actively represented conflicting

---

[2]"An 'actual conflict' of interest occurs when a lawyer has 'inconsistent interests.'" *Freund v. Butterworth*, 165 F.3d 839, 860 (11th Cir. 1999) (quoting *Smith v. White*, 815 F.2d 1401, 1405 (11th Cir. 1987)). "[T]o prove that an 'actual conflict' hindered petitioner's lawyer's performance, petitioner 'must make a factual showing of inconsistent interests' or point to 'specific instances in the record' to suggest an actual impairment of his or her interests." *Id.* (quoting *Smith*, 815 F.2d at 1404). "Overall, the 'actual conflict' inquiry is fact-specific, consistent with the petitioner's ultimate burden 'to prove that his conviction was unconstitutional.'" *Id.* (quoting *Smith*, 815 F.2d at 1406).

16

interests, he has not established the constitutional predicate for his claim of ineffective assistance." Moreover, the Eleventh Circuit has held, "[t]here is no Supreme Court decision holding that any kind of presumed prejudice rule applies outside the multiple representation context." *Schwab v. Crosby*, 451 F.3d 1308, 1327 (11th Cir. 2006).

In the instant case, Petitioner has not demonstrated that counsel actively represented conflicting interests. This case did not involve any issue of concurrent multiple representation of co-defendants. There is also no indication that Petitioner's attorney actively or successively represented any witnesses called at Petitioner's trial or any former client with a competing interest during the time counsel represented Petitioner.

Furthermore, even assuming an actual conflict existed, Petitioner has not demonstrated that an actual conflict adversely affected his lawyer's performance. In denying trial counsel's motion to withdraw, the state court noted at the hearing that it did not find that trial counsel coerced or pressured Petitioner into entering the plea, and as such, no conflict was created as a result. (App. I at 57-59.) The state court granted Petitioner's motion to withdraw the plea because it concluded that the trial judge who accepted the plea had not conducted an adequate plea colloquy in light of some of Petitioner's statements to the trial judge. *Id*. at 38.

The record demonstrates that at the hearing on Petitioner's motion to withdraw his plea, trial counsel did not take a position contrary to Petitioner, did not refute Petitioner's allegations, and argued in support of Petitioner's motion to withdraw the plea. (App. I at 24-43.) As such, pursuant to Florida law, no conflict of interest was created requiring the discharge or withdrawal of counsel. *See, e.g., Carmona v. State*, 873 So. 2d 348, 349 (Fla. 5th

DCA 2004) (concluding that no conflict of interest existed at change of plea hearing because counsel did not take a position that conflicted with his client). Thus, the issue would not have warranted reversal on appeal had it been raised.

Moreover, the record establishes that at trial, counsel thoroughly cross-examined all the State's witnesses, sought to call the witnesses that Petitioner told the court he wanted to call, and entered evidence to refute the victim's testimony. Nothing in the record demonstrates that Petitioner's attorney failed to pursue any reasonable defense because of any conflict with counsel's other active loyalties. In sum, Petitioner has not shown that appellate counsel was deficient for failing to raise this issue on appeal or that he was prejudiced as a result of appellate counsel's failure to do so. Accordingly, the state court's denial of claim four is neither contrary to, nor an unreasonable application of, clearly established federal law. Claim five is denied as procedurally barred, and claim four, to the extent it is raised as a claim of ineffective assistance of appellate counsel, is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

V.     *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department*

*of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Daniel L. Berry is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of July, 2011.

Copies to:
OrlP-1 7/13
Counsel of Record
Daniel L. Berry

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE